ORIGINAL

FILED
JUL 1 2016
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ERROL THOMAS

v.                                           No. 16-786 T

THE UNITED STATES

## COMPLAINT

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7422(a), and 28 U.S.C. § 1346(a)(1). The facts establishing jurisdiction and standing are set forth below.

2. The statute mandating payment of money is 26 U.S.C. § 4602(a) (dealing with the refund of overpayments).

### Background and Basis for Relief

3. Plaintiff, Errol Thomas ("Plaintiff"), is an enrolled agent, credentialed to practice before the Internal Revenue Service (the "IRS"). Plaintiff brings this action for a refund of his payment of certain preparer penalties, which were assessed with respect to certain 1040 income tax returns for the tax year ending on December 31, 2011.

4. Defendant is the United States of America. The actions complained of herein were taken by representatives of the IRS.

5. Plaintiff is the owner and proprietor of a tax preparation firm, ET's Bookkeeping and Tax Service. The firm's business address is 35 Cabot St., Suite 2, Hartford, Connecticut. Plaintiff's social security number is XXX-XX-5964.

6. On approximately January 24, 2013, the IRS—after an examination—concluded that the Earned Income Tax Credit ("EITC") Due Diligence Penalty ought to be assessed against

Plaintiff, per 26 U.S.C. § 6695(g) and 26 CFR § 1.6695-2(a) and (b), in connection with the subject returns.

7. The examiner claimed to find 79 discrete violations of 26 U.S.C. § 6695(g) and 26 CFR § 1.6695-2(b). The examiner imposed a penalty of $500 for each violation, for an aggregate penalty of $39,000.

8. The asserted basis for the penalty was that Plaintiff "failed to establish [reasonable] and appropriate procedures for his staff to ensure compliance with the knowledge [and] due diligence requirements with respect [to] determining [taxpayer] eligibility" for the EITC under 26 U.S.C. § 6695(g) and 26 CFR § 1.6695-2(b).

9. Congress enacted the due diligence requirements to reduce EITC errors, which result in significant overpayment by the government to taxpayers claiming the EITC.[1] The IRS has not disallowed any EITC claimed on any of the subject returns. Accordingly, the Plaintiff's conduct, whatever its nature, has not resulted in a tax loss to the government, nor any incorrect computation of any taxpayer's entitlement to the EITC. Simply put, all of the subject returns were accurate. Thus, the penalties at issue here were imposed solely to punish the Plaintiff.

10. Additionally, the fact that all 79 of the subject returns were accurate is, of itself, a testament to the reasonableness and appropriateness of the procedures that the Plaintiff, at all pertinent times, employed in his office, with respect to EITC compliance.

11. Plaintiff timely submitted this matter for consideration by the IRS Office of Appeals ("Appeals"). Appeals issued a notice rejecting Plaintiff's appeal on December 4, 2014. A copy of the notice is attached hereto.

---

[1] Robert Greenstein et al, *Reducing Overpayments in the Earned Income Tax Credit*, Center on Budget and Policy Priorities (Visited May 10, 2016, 11:00 AM), http://www.cbpp.org/research/federal-tax/reducing-overpayments-in-the-earned-income-tax-credit.

2

12. On December 31, 2014, Plaintiff paid $500—the amount of one discrete penalty[2]—at the IRS Taxpayer Service Center at 150 Court Street, New Haven, Connecticut.

13. On December 31, 2014, Plaintiff filed a claim for a refund of the $500 payment, together with a request for abatement of the penalties imposed. This was also done at the IRS Taxpayer Service Center in New Haven, Connecticut. A copy of the claim for refund and request for abatement is attached hereto.

14. To date, the IRS has not responded to the request for refund. Accordingly, the Plaintiff has exhausted his administrative remedies with the IRS, and the statutory requirements for this Court's exercise of jurisdiction over this matter are satisfied.

15. Many of Plaintiff's clients are low-income taxpayers, who qualify for the EITC.

16. Plaintiff's firm employs, and has employed, tax preparers, including Karen Allen ("Ms. Allen").[3]

17. Ms. Allen, while she was employed with the Plaintiff, prepared EITC claims for Plaintiff's clients in the course of her duties. Ms. Allen prepared substantially all of the EITC claims for which the instant penalties were assessed against Plaintiff. The IRS has assessed no penalties against Ms. Allen.

18. Plaintiff trains all of his preparers to handle EITC claims properly.

19. Ms. Allen told the IRS, in writing, that Plaintiff trained his preparers to do the following: (1) make additional inquiries of clients whose EITC claims seemed suspicious or questionable; (2) document the clients' eligibility for the EITC; and (3) make copies of all

---

[2] The penalty at issue here is a "divisible tax," because the aggregate penalty amount is "composed of the accumulation of discrete assessments based on separate underlying transactions, rather than being one assessment flowing from a single underlying event." IRS Chief Counsel Advice Mem. 2013-15017 at 2 (Dec. 12, 2012). Therefore, Plaintiff need only pay the amount of one discrete penalty ($500), rather than the aggregate assessment of $39,000, in order to bring this suit for a refund. *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993); *Spivak v. United States*, 370 F.2d 612, 614 (2d Cir. 1967).

[3] As of the date hereof, Ms. Allen is no longer employed with the Plaintiff.

3

pertinent documentation for the clients' respective files. A copy of Ms. Allen's written statement to the IRS is attached hereto and incorporated herein by reference.

20. However, after substantial contact with representatives of the IRS, Ms. Allen changed her position to indicate that Plaintiff did not establish or implement reasonable procedures to assure that his employees properly handled EITC claims.

21. In any case, Plaintiff's files demonstrate that his office complied with the knowledge and due diligence requirements by, *inter alia*: (1) completing and submitting the required IRS Form 8867; (2) recording all EITC computations; (3) asking questions of clients; and (4) requiring that all clients provide documentation to support information claimed on their tax returns, where appropriate.

22. Plaintiff maintained copies of all EITC checklists on his computer servers, and he made both the checklists and the relevant software available to the examiner, which was confirmed in the examiner's report.

23. The procedures that Plaintiff established in his office, for ensuring compliance with the knowledge and due diligence requirements of 26 CFR § 1.6695-2(b), were at all times reasonable and appropriate. Moreover, Plaintiff and his preparers at all times complied with the knowledge, due diligence, and other applicable requirements with respect to the EITC.

24. Also, with respect to 40 of the 79 returns for which the instant penalties were assessed, the dependent information submitted by the taxpayers matched exactly the information contained in the taxpayers' 2010 returns, which were also prepared by Plaintiff upon appropriate inquiry, documentation, and verification. Thus, there was no need for additional inquiry with respect to these particular taxpayers' 2011 returns.

25. With respect to the other returns, only 10 of the 79 returns for which the instant penalties were assessed, the dependent information submitted by the taxpayers did not match exactly the information contained in the taxpayers' 2010 returns. These returns were also prepared by Plaintiff upon appropriate inquiry, documentation, and verification, and as noted earlier, all of the credits were allowed by the examiner.

26. Therefore, the full amount of the penalty in this case was erroneously and improperly assessed, without lawful authority.

**WHEREFORE,** Plaintiff demands judgment against the United States of America in the amount of $500, together with interest thereon as provided by law, plus reasonable costs of litigation (including reasonable attorney fees) under 26 U.S.C. § 7430, along with such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

THE PLAINTIFF:
Errol Thomas

By: _____
Eric L. Green
Green & Sklarz LLC
700 State Street, Suite 100
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
egreen@gs-lawfirm.com

 **Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
300 Pearl St
Suite 400
Buffalo, NY 14202

ERROL E THOMAS
35 CABOT STREET
SUITE 3
HARTFORD, CT 06112

Date: DEC 0 4 2014

Person to contact:
Name: Elaine K Czyz
Employee number: 0620717
Telephone: (716) 270-2461
Fax: (855) 292-7629
Taxpayer ID number:
XXX-XX-5964
Tax period(s) ended:
12/2011
Amount proposed:
$39,000.00

Dear Mr. Thomas:

I reviewed your appeal of the return preparer penalty proposed against you. This letter is to tell you there will be a penalty charged in the amount of $39,000.00, for the reason(s) explained in the attachment to this letter.

Please pay the penalty now. Interest charges will begin 21 calendar days after a notice and demand is issued to you (10 business days if the amount is more than $100,000). Interest will continue to accrue from the notice and demand date until you pay the total amount you owe. You'll receive a bill for the penalty amount shown above and any interest due. Make your check or money order payable to the United States Treasury and return in the enclosed envelope.

If you disagree with my decision, you can pay the penalty and file a claim for refund. If your claim is disallowed, you can exercise your appeal rights or you can file suit in court.

If you receive an IRS notice denying your refund claim, you must file suit in your U.S. District Court or the U.S. Court of Federal Claims within two years from the date of the IRS notice.

I provided information on "How to file a claim for refund and other options" at the end of this letter.

If you have questions, you can call me at the phone number listed above.

Thank you for your cooperation.

Sincerely,

William Barthel

William P Barthel
Appeals Team Manager

Enclosure(s):
Form 6118
Reason(s) for not allowing your Appeal
Envelope (for payment only)

Letter 1342 (Rev. 3-2014)
Catalog Number 40660S

## Filing A Claim For Refund And Other Options

1. File your claim for refund on the enclosed Form 6118, *Claim for Refund of Tax Return Preparer and Promoter Penalties*. Instructions on the back of Form 6118 explain where to send your claim. Do not file your claim with the Office of Appeals.

2. If you want to take your case directly to court, you should attach a written request to your completed Form 6118 asking IRS to reject your claim immediately.

3. If you were charged a penalty under Internal Revenue Code Section 6694, you can file a claim for refund if you pay 15% of the penalty within 30 days from the date of the notice and demand.

    - If you choose this option, special rules for filing suit apply. You **Must** file your suit in your U.S. District Court by the **Earlier Of These Two Dates**:

        • Six months and 30 days from the date you filed your claim for refund
        **OR**
        • 30 days from the date of the IRS notice denying the claim.

4. Otherwise, you must pay the entire penalty and interest and file your claim for refund within 3 years from the date you paid the penalty in full for penalties under Internal Revenue Sections 6694, 6695, or 6713.

Letter 1342 (Rev. 3-2014)
Catalog Number 40660S

| Form **6118** | **Claim for Refund of Tax Return Preparer and Promoter Penalties** | |
|---|---|---|
| (Rev. August 2009) Department of the Treasury Internal Revenue Service | ▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701. ● See Instructions on page 2. | OMB No. 1545-0240 |

| | | |
|---|---|---|
| **Print or Type** | Name of preparer or promoter<br>Errol E. Thomas, EA | Identifying number<br>See Instructions. |
| | Address to which statement(s) of notice and demand were mailed<br>ETs Bookkeeping and Tax Service, 35 Cabot Street, Suite 2 | ████████ |
| | City, town or post office, state, and ZIP code<br>Hartford, CT 06112 | IRS office that sent statement(s) |
| | Address of preparer shown on return(s) for which penalties were assessed (if different from above) | North Atlantic/Exam |

**Type of Penalty.** Enter letter in column (c) below.

- A  Understatements due to unreasonable positions—section 6694(a)
- B  Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)
- C  Failure to furnish copy of return or claim for refund to taxpayer—section 6695(a)
- D  Failure to sign return or claim for refund—section 6695(b)
- E  Failure to furnish identifying number—section 6695(c)
- F  Failure to retain copy or list—section 6695(d)
- G  Failure to file a record of return preparers—section 6695(e)(1)
- H  Failure to include an item in the required record of return preparers—section 6695(e)(2)
- I  Negotiation of check—section 6695(f)
- J  Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)
- K  Promoting abusive tax shelters, etc.—section 6700
- L  Aiding and abetting understatement of tax liability—section 6701
- M  Other (specify) (see instructions)

**Identification of Penalties.** Enter the information from your statement.

| | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | | | J - (6695(g)) | See attached IRS schedule |
| 2 | | | | |
| 3 | | | | INTERNAL REVENUE SERVICE |
| 4 | | | | W-? ASSISTANCE |
| 5 | | | | NEW HAVEN, CT 06510 |
| 6 | | | | |
| 7 | | | | DEC 3 1 2014 |
| 8 | | | | |
| 9 | | | | RECEIVED |
| 10 | | | | 12401 |
| 11 | | | | |
| 12 | | | | |

| | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | Attached | attached | 2011 | 500 | 500 | 12/24/2014 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

**Amount of Claim.** Enter the total of column (i), lines 1 through 12 ▶ | 500

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

**Sign Here** ▶ Signature: *Thomas*   Date: 12-23-14

For Privacy Act and Paperwork Reduction Act Notice, see back of form.   Cat. No. 24415J   Form **6118** (Rev 8-2009)

ANSWER TO QUESTIONS
EARNED INCOME TAX CREDIT

Karen Allen

1. Taxpayer comes to the office and presents a form w-2 and indicates that he or she would like to utilize our service to file tax return. Once the taxpayer indicates that a child is involved the necessary information are gathered about the child. Mr. Thomas indicated that the taxpayer should be questioned as to the relationship and residency of the child or dependent. I was also referred to the Earned Income Tax Credit Due Diligence website. The only intakes are the W-2 with the taxpayer's name and address, sometimes a birth certificate and Social Security card is presented. Sometimes copies are made of these documents, but they help in the consideration in the qualifying of the taxpayer for the Earned Income Tax Credit. The program is relied on for the accurate computation of the credit.

2. If a taxpayer attempts to present information that I believe is incorrect, Mr. Thomas instructed us to ask further questions of the taxpayer. He advises that w attach copy of their responses to the file of the taxpayer. While I did ask these questions when my suspicion was aroused, I sometime did not or forgets to document the answers and have the taxpayer sign same as instructed by Mr. Thomas.

3. See attached

4. It is always when the client is seated before me that I realize that this is a new client. If a client identifies his herself as a new client requesting our service. They would be advised to bring their w-2s and if they have a child or children they should bring proof to satisfy us that the child or children are their children and that the child or children resided with them for more than half the year. Mr. Thomas emphasized that we question the taxpayer as to the residency of the child or children. If I am not satisfied as to the residency test I should question the taxpayer, document the answer, have the taxpayer signs it and keep with the taxpayer's records. Usually earned income is the most significant or impacting factor in the determination of the EITC.

5. Returning clients seldom asked what documents to bring. However they are sometimes forced to bring documentation in situation where their status or dependents have increased. At such time they are requested to bring proof to substantiate qualification for EITC for this additional dependent. If a new born, the birth certificate, for a new arrival in the USA, a passport to substantiate the residency test of six months or more in the USA.