IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

No. 16-786 T
(Judge Nancy B. Firestone)

ERROL THOMAS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
_____

**ANSWER AND COUNTERCLAIM**
_____

The United States hereby answers the complaint in the above-captioned case.  The United States respectfully denies each and every allegation contained therein not specifically admitted below.

The United States further:

1.       Avers that that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491.  Avers that plaintiff has paid only one $500 penalty, and, therefore, admits that jurisdiction over plaintiff's complaint exists with respect to one $500 penalty.  Avers that jurisdiction over defendant's counterclaim exists as specified in paragraphs 27-35 of defendant's answer.

2.       Denies that 26 U.S.C. § 4602(a) is a money-mandating statute.

3.       Admits that plaintiff Errol Thomas ("plaintiff" or "Thomas") is an enrolled agent who may represent taxpayers before the Internal Revenue Service ("IRS").  Admits the allegations contained in the second sentence of paragraph 3.

4.      Admits that defendant is the United States and the I.R.C. § 6695(g) penalty that is the subject of this Complaint was assessed by the IRS.

5.      Admits.

6.      Admits that, on January 24, 2013, the IRS, after examination, assessed penalties against plaintiff, except avers that such penalties were assessed for failure to comply with due diligence requirements with respect to determining eligibility for the earned income tax credit ("EITC") pursuant to I.R.C. § 6695(g), as amended by the United States-Korea Free Trade Implementation Agreement Act of 2011 (P.L. 112-41), and Treas. Reg. § 1.6695-2 (applicable to tax returns filed for tax years ending on or after December 31, 2011), in connection with certain tax returns.

7.      Admits that the IRS examination included 79 taxpayer files, but the IRS found 78 violations of I.R.C. § 6695(g) and Treas. Reg. § 1.6695-2(b).  With respect to the second sentence of paragraph 7, avers that the Internal Revenue Code ("I.R.C."), not the examiner, imposed a penalty of $500 for each violation, and that the 78 separate penalties total $39,000.

8.      Admits that the IRS examination report contains the quoted language in paragraph 8.

9.      States that allegations contained in sentences 1, 3, and 4 of paragraph 9, including the allegations contained in footnote 1, constitute legal conclusions or legal characterizations, to which no response is required.  States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 9.  Denies the allegations in the fifth sentence of paragraph 9.

10.      Denies.

2

11.     Admits that plaintiff submitted this matter for consideration by the IRS Office of Appeals ("Appeals"), which was denied on the merits on December 4, 2014.  Denies that plaintiff's appeal was timely submitted.  Admits that Appeals issued a notice dated December 4, 2014 and plaintiff attached a copy of the notice to the complaint.

12.     Admits that on December 31, 2014, plaintiff paid $500 to the IRS at the IRS Taxpayer Center in New Haven, Connecticut.  The remainder of the allegations in paragraph 12, including the allegations contained in footnote 2, constitute legal conclusions or legal argument, to which no response is required.

13.     Admits the allegations contained in the first and second sentences of paragraph 13.  Admits that plaintiff attached a copy of the claim for refund and request for abatement to the complaint.

14.     Admits that, to date, the IRS has not responded to plaintiff's claim for refund. States that the remaining allegations in paragraph 14 constitute legal conclusions, to which no response is required.

15.     States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Admits that plaintiff's firm employed Karen Allen ("Ms. Allen").  States that Ms. Allen's status as a "tax preparer" constitutes a legal conclusion, to which no response is required. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including the allegations contained in footnote 3, in paragraph 16.

17.     Admits the allegations contained in the first sentence of paragraph 17.  States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18.     Denies.

19.      Admits that the document identified in paragraph 19 appears to be a copy of an unsigned, undated document that purports to be Karen Allen's written statement to the IRS.

20.     Denies, as stated.  Admits that, on January 30, 2013, Ms. Allen submitted to the IRS an affidavit under oath that stated the following:

    i.     she was "not provided any due diligence training in 2011 or 2012;"

    ii.     "other than the W-2, no copies of any supporting documentation was kept for the EITC Due Diligence Requirement;"

    iii.     "No directions were given regarding the additional Due Diligence requirements by Mr. Errol Thomas."

    iv.     "Returning clients were not asked any additional questions regarding EITC Due Diligence Requirement[s]."

21.     States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's files demonstrate that his office complied with the knowledge and due diligence requirements contained in I.R.C. § 6695(g) and Treas. Reg. § 1.6695-2(b).  Denies that plaintiff complied with the knowledge and due diligence requirements of I.R.C. § 6695(g), and Treas. Reg. § 1.6695-2(b).

22.     Admits that plaintiff used TaxSlayer software, and that the IRS revenue agent was given access to the TaxSlayer software during the examination.  States that defendant currently

lacks knowledge or information sufficient to form a belief as to the truth of the allegations that

plaintiff maintained copies of EITC checklists on his computer servers.

23.     Denies.

24.     States that defendant currently lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 24.

25.      States that defendant currently lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 25.

26.     Denies.

Counterclaim

27.     On December 29, 2014, plaintiff was assessed tax return preparer penalties for

failure to comply with the due diligence requirements imposed by I.R.C. § 6695(g), as amended

by the United States-Korea Free Trade Implementation Agreement Act of 2011 (P.L. 112-41),

and Treas. Reg. § 1.6695-2 (applicable to tax returns filed for tax years ending on or after

December 31, 2011), in determining the eligibility for, or the amount of, the EITC.  Plaintiff was

assessed 78 separate $500 penalties with respect to 78 tax returns for the tax year ending

December 31, 2011.  The 78 separate $500 penalties totaled $39,000.

28.     Plaintiff is a "tax return preparer" under Treas. Reg. § 1.6694-1(b).

29.     In determining the eligibility for, or the amount of, the EITC of his taxpayer

clients under Treas. Reg. § 1.6695-2(b), plaintiff was required to (1) complete and submit a Form

8867, the Paid Preparer's Earned Income Credit Checklist, or provide the form to a taxpayer not

filing electronically; (2) complete the Earned Income Credit Worksheet or record the EITC

computation in the tax preparer's files; (3) fulfill the knowledge requirement including making

reasonable inquiries if the taxpayer information provided appeared incorrect, inconsistent, or

incomplete, and contemporaneously document those reasonable inquiries and the taxpayer's responses; and (4) retain the records set forth above, including a record of how and when the information used to complete the Form 8867 and the EITC computation were obtained, and a copy of any documents the tax preparer relied upon.

30.     Plaintiff failed to satisfy the due diligence requirements as set forth in I.R.C. § 6695(g), as amended, and § 1.6695-2(b), summarized above, with respect to 78 returns at issue. Accordingly, plaintiff is liable for a penalty of $500 for each failure.  I.R.C. § 6695(g).

31.     Thus, plaintiff is liable for 78 separate tax return preparer penalties, in the amount of $500 per penalty, for a total of $39,000.

32.     On December 31, 2014, plaintiff paid the amount of one tax return preparer penalty to the IRS, in the amount of $500.  Additional credits of $68.74 and $2.39 were applied to plaintiff's civil penalty account in the total amount of $571.13.  The United States is entitled to judgment against plaintiff in the amount of unpaid penalty assessments totaling $37,428.87, plus interest and costs allowed by law.

34.     This counterclaim has been authorized by the Chief Counsel of the IRS, a delegate of the Secretary of Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and  28 U.S.C. § 1503.

35.     The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1503, 2508.

Case 1:16-cv-00786-NBF   Document 7   Filed 10/31/16   Page 7 of 7


WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff, and that judgment be entered in favor of defendant on its counterclaim, plus interest and costs allowed by law.

                                            Respectfully submitted,


October 31, 2016                            /s/Matthew D. Lucey
                                            MATTHEW D. LUCEY
                                            Attorney of Record
                                            U.S. Department of Justice
                                            Tax Division
                                            Court of Federal Claims Section
                                            Post Office Box 26
                                            Ben Franklin Post Office
                                            Washington, D.C.  20044
                                            (202) 353-0064
                                            (202) 514-9440 (facsimile)
                                            matthew.d.lucey@usdoj.gov

                                            CAROLINE D. CIRAOLO
                                            Principal Deputy Assistant Attorney General
                                            DAVID I. PINCUS
                                            Chief, Court of Federal Claims Section
                                            MARY M. ABATE
                                            Assistant Chief, Court of Federal Claims
                                            Section
                                            SOPHIA S. SIDDIQUI
                                            Trial Attorney, Court of Federal Claims
                                            Section


October 31, 2016                            /s/Mary M. Abate
                                            Of Counsel